IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01644-BNB

BRYAN MARTINEZ,

    Plaintiff,

v.

LONGMONT UNITED HOSPITAL,
LONGMONT POLICE DEPARTMENT, aka CIVIC CENTER,
LUTHERAN MEDICAL CENTER,
NATIONAL JEWISH HEALTH, and
SALUD CLINIC,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Bryan Martinez, currently resides in Longmont, Colorado.  He initiated this action by filing *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act "FOIA") and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff was granted leave to proceed pursuant to § 1915 on June 25. 2014.  Magistrate Judge Boyd N. Boland reviewed the Complaint and, on July 8, 2014, ordered Plaintiff to respond within thirty days and show cause why jurisdiction is proper and the action should not be dismissed because Plaintiff is requesting information from a source other than a federal agency and if any named defendant is a state agency a claim filed against them would be pursuant to a state public information act and is a matter of state law.  Plaintiff filed a Response on July 24, 2014.

    In the Response, Plaintiff asserts that he desires to change the jurisdiction for his claims to 5 U.S.C. § 551(2) and (3).  He also states the following:

1) State courts will not assist him;
2) He has been falsely imprisoned for three years;
3) The Longmont Hospital tricked him into drinking Lidocaine;
4) The city attorney taunts him;
5) The police are asking physicians to give him diseases;
6) He knows the cameras are not there "for pretty";
7) When he went to Kaiser Permanente in Lakewood officers on duty drove by him when he was waiting for the bus;
8) He is looking for work but he will not be hired;
9) He was constricted from reading the FOIA and federal rules;
10) He can bypass the state courts due to his disability;
11) A therapist will not diagnose him without a form that contains a federal seal;
11) He never knows if he is talking to a judge or a clerk;
12) He is not able to save documents;
13) The police stalk him;
14) There is contradictions with every medicine and vitamin that he takes;
15) His brain is being "blocked from phlegm misting [his] mind";
16) Stalking is not a felony; and
17) The U.S. Supreme Court made policy that causes mental anguish.

First, Plaintiff's statements are delusional and nonresponsive to the Court's directive to state why this action should not be dismissed.  Second, § 551(2) and (3) does not provide a jurisdictional basis for filing an FOIA claim against named Defendants. Section 551 clarifies who is not an agency for the purpose of the FOIA. Plaintiff, therefore, fails to demonstrate, as he was directed to do in the July 8, 2014 Order, that any of the named defendants are federal agencies and that this Court has jurisdiction over his claims.

The Court may raise subject matter jurisdiction *sua sponte* at any time during the course of the proceedings, see *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*,

31 F.3d 931, 933 (10th Cir. 1994).  Because Plaintiff has failed to do so the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  12th  day of   August  , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
UNITED STATES DISTRICT COURT